# REVISED APRIL 28, 2017

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60886
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2017

Lyle W. Cayce
Clerk

RUFINA ANTONIA SAMAYOA-GONZALEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 991 005

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Rufina Antonia Samayoa-Gonzalez, a Guatemalan citizen and national, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the denial of her motion to reopen based on ineffective assistance of counsel. We review this decision "under a highly deferential

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abuse-of-discretion standard." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016) (internal quotation marks and citation omitted).

Samayoa-Gonzalez argues that the BIA and immigration judge failed to properly consider whether she was entitled to equitable tolling. She contends that she acted diligently to file the motion to reopen upon discovering that she had been ordered removed in absentia after she followed the advice of a notary not to attend her hearing.

The BIA dismissed Samayoa-Gonzalez's appeal because it determined both that she had failed to show that she received ineffective assistance of counsel and that she had failed to make a prima facie showing that she was eligible for relief from removal. Samayoa-Gonzalez fails to brief any argument challenging the BIA's separate, dispositive conclusion that she failed to make a prima facie showing of eligibility for relief from removal. *See INS v. Abudu*, 485 U.S. 94, 104–05 (1988) (observing that BIA may deny motion to reopen if movant has not established prima facie case for underlying substantive relief sought). Samayoa-Gonzalez has thus forfeited any challenge to that determination. *See Bright v. Holder*, 649 F.3d 398, 399 n.1 (5th Cir. 2011). Consequently, she cannot show that the BIA abused its discretion in denying her motion to reopen. Her petition for review is DENIED.